UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDREW TOMASIELLO,

     Plaintiff,

v.                                        CASE NO. 5:22-cv-582-MCR

COMMISSIONER OF
THE SOCIAL SECURITY
ADMINISTRATION,

     Defendant.

_____/

## MEMORANDUM OPINION AND ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff's appeal of an unfavorable decision denying his application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). Following an administrative hearing held on October 26, 2021, the assigned Administrative Law Judge ("ALJ") issued a decision, finding Plaintiff not disabled from February 6, 2020 through March 2, 2022. (Tr. 49.) Based on a review of the record, the briefs, and the applicable law, the Commissioner's decision is **AFFIRMED**.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Doc. 12.)

## I.     Standard of Review

The scope of this Court's review is limited to determining whether the Commissioner applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the Commissioner's findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); accord *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings).

## II.    Discussion

### A.    Issues on Appeal

Plaintiff raises three issues on appeal.  First, Plaintiff argues that the ALJ erred in finding that he could perform his past relevant work as a locksmith.  (Doc. 17. at 3.)  Relative to this argument, Plaintiff contends that:

> The ALJ relied on incorrect VE testimony that Mr. Tomasiello's past job was that of locksmith, as he performed it at the medium exertional level. Mr. Tomasiello's testimony and work history report reflect it was actually performed at the heavy exertional level. The ALJ also relied on VE testimony which misidentified Mr. Tomasiello's past work. Mr. Tomasiello's past job was a composite job. . .

(*Id.* at 4.)  Despite Plaintiff's contentions, Defendant argues that the ALJ properly determined that Plaintiff could perform his past relevant work. (Doc. 21. at 6.)  Defendant further contends that Plaintiff failed to meet his burden to prove that his past relevant work as a locksmith was a composite job.  (*Id.*)

Second, Plaintiff argues the ALJ's hypothetical to the vocational expert and residual functional capacity ("RFC") determination were unsupported by substantial evidence.  (Doc 17. at 9.)  Here, Plaintiff contends that:

> Because the ALJ improperly considered the opinion evidence, subjective complaints and third party statements, substantial evidence does not support the ALJ's finding that Mr. Tomasiello, a 61 to 63 year old individual, who had the severe impairments of degenerative joint disease/arthritis; diabetes, obesity; and high blood pressure, was capable of lifting 25 pounds frequently, 50 pounds occasionally and stand and walk for six

hours out of an eight hour day. Further, the ALJ's finding that
Mr. Tomasiello was capable of using his hands "frequently" and
was "frequently" able to stoop, kneel, crouch and crawl,
particularly in light of the arthritis in his hands and knees was
unsupported.

(*Id*. at 10.)

In response, Defendant argues that:

[T]he ALJ properly evaluated the medical opinion evidence in
this case in compliance with the applicable regulations and his
findings in this regard were supported by substantial evidence of
record. To the extent that Plaintiff argues that some evidence
undermines the ALJ's findings with respect to the limitations
that result from his medical conditions, such "contentions
misinterpret the narrowly circumscribed nature of our appellate
review, which precludes us from 're-weighing the evidence or
substituting our judgment for that [of the Commissioner] . . .
even if the evidence preponderates against' the decision." *Moore
v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (quoting
*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).
. . .
      In sum, the ALJ's RFC determination was supported by
substantial evidence of record as set out in the ALJ's decision.
Because the ALJ's determination that Plaintiff was not disabled
was supported by substantial evidence of record, this Court
should affirm.

 (*Id*. at 15 (some internal citations omitted).)

Third, Plaintiff contends that the ALJ failed to properly assess his

subjective complaints and other third-party statements.  (*Id*. at 18.)

Defendant claims that the ALJ did properly assess Plaintiff's subjective

complaints and offers the following argument as support:

The ALJ's review of the entire record included a thorough review
of Plaintiff's subjective complaints in accordance with the

appropriate regulatory criteria and with Eleventh Circuit case law.
. . .

Here, the ALJ found that Plaintiff's subjective complaints regarding the intensity, persistence, and limiting effects of these symptoms were only partially consistent with the medical and other evidence of record. The ALJ's finding in this regard was supported by substantial evidence of record which the ALJ set out in his decision . . . the ALJ's evaluation of the evidence of record provided substantial evidence to support a finding that Plaintiff could perform a reduced range of medium level work.

(*Id*. at 16-17 (internal citations omitted).)  Furthermore, Defendant contends that the ALJ also properly evaluated the third-party statements Plaintiff provided and ultimately determined that the included allegations were inconsistent with the evidence of record as a whole.   (*Id*. at 18.)

## B.   Standard for Evaluating Opinion Evidence and Subjective Symptoms

The ALJ is required to consider all of the evidence in the record when making a disability determination.  *See* 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3).  With regard to medical opinions, the rules in 20 C.F.R. §§ 404.1520c, 416.920c apply to claims filed on or after March 27, 2017.[2]  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 F.R. 5844-01, 2017 WL 168819 (Jan. 18, 2017).  Because Plaintiff's claim was filed

---

[2] The rules in 20 C.F.R. §§ 404.1527, 416.927 apply to claims filed before March 27, 2017.

after March 27, 2017, the Court applies the revised rules and regulations in effect at the time of the ALJ's decision.

Under the revised rules and regulations, the ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ will articulate in the administrative decision how persuasive all of the medical opinions are in the case record, 20 C.F.R. §§ 404.1520c(b), 416.920c(b), but need not articulate how evidence from non-medical sources has been considered, 20 C.F.R. §§ 404.1520c(d), 416.920c(d).

"When a medical source provides one or more medical opinions," those opinions will be considered "together in a single analysis," using the factors listed in 20 C.F.R. §§ 404.1520c(c)(1) through (c)(5), 416.920c(c)(1) through (c)(5), as appropriate. 20 C.F.R. §§ 404.1520c(a), (b)(1), 416.920c(a), (b)(1). The ALJ is "not required to articulate how [he/she] considered each medical opinion . . . from one medical source individually." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

When evaluating the persuasiveness of medical opinions, the most

important factors are supportability[3] and consistency.[4]  20 C.F.R. §§ 404.1520c(a), (b)(2), 416.920c(a), (b)(2).  Thus, the ALJ "will explain how [he/she] considered the supportability and consistency factors for a medical source's medical opinions" in the determination or decision but is not required to explain how he/she considered the rest of the factors listed in 20 C.F.R. §§ 404.1520c(c), 416.920c(c).  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  As explained by another court in this District:

> Overall, supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record.  In other words, the ALJ's analysis is directed to whether the medical source's opinion is *supported* by the source's own records and *consistent* with the other evidence of record—familiar concepts within the framework of social security litigation.

*Cook v. Comm'r of Soc. Sec.*, No. 6:20-cv-1197-RBD-DCI, 2021 WL 1565832, *3 (M.D. Fla. Apr. 6, 2021) (emphasis in original) (report and recommendation adopted by 2021 WL 1565162 (M.D. Fla. Apr. 21, 2021)).

---

[3] "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions  . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1).

[4] "The more consistent a medical opinion(s)  . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s)  . . . will be."  20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

When "two or more medical opinions . . . about the same issue are both
equally well-supported . . . and consistent with the record . . . but are not
exactly the same," the ALJ will articulate how he/she considered the other
most persuasive factors listed in 20 C.F.R. §§ 404.1520c(c)(3) through (c)(5),
416.920c(c)(3) through (c)(5), which include a medical source's relationship
with the claimant,[5] specialization, and other factors.[6]  20 C.F.R. §§
404.1520c(b)(3), 416.920c(b)(3).

### C.    The VE's Hearing Testimony

On October 26, 2021, Vocational Expert ("VE") Tysha Pressley
appeared for a telephonic hearing before ALJ Pedro Tejada-Rivera.  (Tr. 106–
12.)  During the hypothetical questioning by the ALJ, the VE testified in
relevant part as follows:

> Q. . . [T]he claimant will be able to lift and/or carry 50
> pounds occasionally, 25 pounds frequently. Standing and walking
> will be limited to six hours total in an eight-hour workday.
> Sitting will be six hours total in an eight-hour workday. Pushing

---

[5] The relationship with the claimant factor combines consideration of the
following issues: the length of the treatment relationship, the frequency of the
examinations, the purpose of the treatment relationship, the extent of the
treatment relationship, and the examining relationship.  20 C.F.R. §§
404.1520c(c)(3)(i)-(v), 416.920c(c)(3)(i)-(v).

[6] The other factors may include: the medical source's familiarity with the
other evidence in the claim; the medical source's understanding of the disability
program's policies and evidentiary requirements; and the availability of new
evidence that may render a previously issued medical opinion more or less
persuasive.  20 C.F.R. §§ 404.1520c(c)(5), 416.920c(c)(5).

and pulling, he will have the same limitations that he has for
lifting and/or carrying. He will be limited to frequent climbing
ramps or stairs; occasionally climbing ladders, ropes or scaffolds;
frequent balancing; frequent stooping; frequent kneeling;
frequent crouching; frequent crawling; frequent reaching above
the shoulder level with both hands. He will be able to
occasionally be exposed to working in proximity to moving
machinery and mechanical parts, and occasionally be working
[sic] unprotected heights. Handling and gross manipulation,
that's where fingering or fine manipulation will be limited to
frequently also. There will be no -- and that's [sic] will be in both
hands. There will be no mental limitations. Assuming these
limitations, can the claimant perform any past-relevant work as
actually performed or as generally performed in the national
economy?

A Okay, so the claimant would be able to perform the job
of the locksmith. That is, you know, it's listed as a light
job. He stated he performed as medium, so that is all within
the restrictions that you listed. The claimant would not be
able to perform the job of the construction worker II as defined
by the DOT.

(Tr. 108-9.)

## D. The ALJ's Decision

At step two of the sequential evaluation process[7], the ALJ found that

Plaintiff had the following severe impairments: degenerative joint

disease/arthritis; diabetes mellitus; obesity; and high blood pressure.  (Tr.

49.)   At step three, the ALJ found that Plaintiff did not have an impairment

or combination of impairments that met or medically equaled the severity of

_____

[7] The Commissioner employs a five-step process in determining disability.
*See* 20 C.F.R. §§  404.1520(a)(4), 416.920(a)(4).

one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

(*Id*.)

Then, before proceeding to step four, the ALJ determined that Plaintiff

had the RFC to perform medium work but with limitations as follows:

> [H]e [can] lift, carry, push, and/or pull 50 pounds occasionally and 25 pounds frequently. He [can] stand and/or walk up to 6 hours and sit up to 6 hours in an 8-hour workday. He [can] frequently climb ramps or stairs but only occasionally climb ladders, ropes, or scaffolds. He [can] frequently balance, stoop, kneel, crouch, crawl reach above shoulder level, handle, and finger. He [can] occasionally be exposed to moving mechanical parts and high exposed places.

(Tr. 50.)  The ALJ "considered all symptoms and the extent to which

these symptoms can reasonably be accepted as consistent with the objective

medical evidence and other evidence."  (*Id*.)

In making these findings, the ALJ discussed the evidence of record.

(Tr. 50-54.)  The ALJ determined that although Plaintiff's medically

determinable impairments could reasonably be expected to cause the alleged

symptoms, his statements concerning the intensity, persistence, and limiting

effects of these symptoms were "not entirely consistent with the medical

evidence and other evidence in the record for the reasons explained in th[e]

decision."  (Tr. 51.)

Then, at step four, the ALJ found that Plaintiff was capable of

performing his past relevant work as locksmith.  (Tr. 54.)  Therefore, the

ALJ concluded that Plaintiff was not disabled from February 6, 2020, through March 2, 2022.  (*Id*.)

### III.   Analysis

### A.   Plaintiff Failed to Show His Previous Job Was a Composite Job Under the Regulations

Plaintiff has the burden to show that his previous work was a composite job.  *Bitowf v. Saul*, No. CV 1:19-00845-N, 2021 WL 1183794, *11 (S.D. Ala. Mar. 29, 2021) (citing *Smith v. Comm'r of Soc. Sec.*, 743 F. App'x 951, 954 (11th Cir. 2018)).  "A composite job is one that has 'significant elements of two or more occupations and, as such, [has] no counterpart in the [Dictionary of Occupational Titles (DOT)].' "  *Smith*, 743 F. App'x at 954 (quoting SSR 82-61 at *2). "Past relevant work may qualify as a composite job 'if it takes multiple DOT occupations to locate the main duties of the [past relevant work] as described by the claimant.'"  *Id.* (citing Program Operations Manual System ("POMS") DI 25005.020).

Here, the ALJ considered the hearing testimony, including the vocational expert testimony, and determined that Plaintiff could perform the job of locksmith as generally performed in the national economy and as actually performed.  (Tr. 54.)  Plaintiff essentially argues that he cannot perform the position of locksmith as he performed it previously due to its demanding nature.  However, whether Plaintiff could perform his past

relevant work as he actually performed it is not the only relevant question. Rather, Plaintiff must also demonstrate that the ALJ's conclusion that Plaintiff could perform the job of locksmith as generally performed is not supported by substantial evidence. *Sola v. Comm'r of Soc. Sec.*, No. 5:20-cv-145-PRL, 2022 WL 2758133, *4 (M.D. Fla. Feb. 14, 2022) ("If Plaintiff can perform his past relevant work, either as he actually performed it, or as the position is generally performed in the national economy, then he is not 'disabled' within the meaning of the Act."). Moreover, Plaintiff's argument that he was unable to perform excessive demands or additional job duties does not render him disabled. *Smith*, 743 F. App'x at 953–54 (stating "it is not enough for the claimant to show that he cannot perform the demands and duties actually involved in the job. Instead, he must show that he cannot perform the functional demands and job duties of the position generally required by employers nationwide").

Furthermore, with regard to the composite job argument, Plaintiff does not propose any other jobs under the DOT that the ALJ should have considered besides the locksmith position. Instead, he merely asserts in conclusory fashion that he also acted as a door maintenance man. (Doc. 17. at 3-8.) Notably absent from Plaintiff's reference to additional job functions, however, is any identification of the particular DOT job titles to which they correspond. *Smith*, 743 F. App'x at 954 (concluding that a claimant failed to

12

meet his burden of establishing a composite job where he did not identify any other occupations listed in the DOT).

It also bears emphasizing that, during the administrative process, Plaintiff's counsel did not object to the classification of Plaintiff's past relevant work as a locksmith or address the issue of a composite job.  (*See* Tr. 112-13.)  Under similar circumstances, a number of courts have found that a plaintiff's failure to raise an argument before the ALJ relative to his past relevant work forecloses such a contention on appeal.  *See, e.g., Sumlin v. Saul*, No. 8:19-cv-3126-T-30AAS, 2020 WL 7232240, *8 (M.D. Fla. Nov. 23, 2020) (finding the claimant's past position was not a composite job in part because the claimant "did not object to the VE's testimony, nor raise the possibility that her work was not past relevant work or a composite job at her . . . hearing") (report and recommendation adopted, 2020 WL 7229746 (M.D. Fla. Dec. 8, 2020)); *Schmidt v. Comm'r of Soc. Sec.*, 2018 WL 3805863, *6 (M.D. Fla. Aug. 10, 2018) (holding the ALJ did not err in defining the claimant's past relevant work as including the position of accounting clerk where the Plaintiff did not object to the VE's testimony that her past relevant work included that job).

## B.   The Hypothetical to the Vocational Expert and the RFC Are Supported by Substantial Evidence

As an initial matter, nearly all of Plaintiff's arguments here consists of

pointing out various pieces of the record that potentially support a finding of disability.  (*See* Doc. 17 at 9–18.)  But "[u]nder a substantial evidence standard of review, [Plaintiff] must do more than point to evidence in the record that supports his position; he must show the absence of substantial evidence supporting the ALJ's conclusion."  *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).   "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–1159 (11th Cir. 2004) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).  Plaintiff also alleges that the ALJ did not specifically reference some pieces of evidence in the record.  The Court finds this argument unavailing for the same reasons as the first argument.  *See Sims*, 706 F. App'x at 604 (11th Cir. 2017) ("[Plaintiff] must do more than point to evidence in the record that supports [his] position.").

Furthermore, the Court finds that the ALJ properly evaluated the medical records and opinions of record, and his RFC assessment and hypothetical question were supported by substantial evidence.  Therefore, the undersigned finds that the ALJ fulfilled his duty under the regulations.

To be sure, the ALJ specifically addressed the opinions of the non-examining state agency medical consultants:

14

> The state agency medical consultants, Dr. Renny and Dr.
> Izuegbu, opined that the Claimant is limited to light work with
> frequent postural limitations except occasional crawling and
> climbing ladders, ropes or scaffolds while avoiding concentrated
> exposure to extreme cold, heat, humidity, vibration, and hazards
> (Exhibits 1A, 2A, 7A, 8A).

(Tr. 53.)  After laying out their opinions, the ALJ provided his findings and

concluded that he found the opinions "unpersuasive" for several reasons.

First, he explained that "new evidence received at the hearing level support

[sic] finding increased functional ability and the retained ability to perform a

reduced [range] of medium work."  (*Id.*)  Second, he explained that "Dr.

Renny and Dr. Izuegbu did not examine the Claimant in person and did not

have the opportunity to consider the opinion from Dr. Woodberry who did

examine the Claimant."  (*Id.*)  Furthermore, the ALJ noted that "[t]he opinion

from Dr.Woodberry is more persuasive and consistent with the overall record

including the cited exam findings. Additionally, the alleged environmental

limitations are not well supported and [are] inconsistent with activities of

daily living including his work activity."  (*Id.*)

In further addressing Dr. Woodberry's opinion evidence, the ALJ noted:

> Dr. Woodberry opined that the Claimant could occasionally lift to
> 50 pounds and frequently lift to 20 pounds noting questionable
> effort on shoulder and handgrip testing. She opined that he could
> sit four hours, stand three hours, and walk two hours per
> workday. He could sit two hours at a time and stand/walk for an
> hour at a time. He could occasionally reach with the right hand
> but frequently with the left. He could occasionally handle and
> finger but frequently feel [and] push/pull. He could occasionally

15

stoop, kneel, crawl, or climb ladders or scaffolds but frequently climb ramps or stairs, crouch, and continuously balance. The [ALJ] found this opinion partially persuasive. The exams showing intact upper extremity strength, intact fine manipulation, mild intermittent tenderness to palpation, no swelling, and mild intermittent range of motion deficits support finding a retained ability to perform medium exertion level work. However, the exams do not show range of motion and lower extremity limitations to support the degree of standing and postural limitations alleged. Lower extremities have shown only intermittent mild strength deficits with normal gait. The exams also show intact fine manipulation consistent with frequent handling, fingering and feelings and only intermittent mild shoulder limitations consistent with limiting to frequent reaching above shoulder level.

(Tr. 53.)

Finally, Plaintiff alleges that the ALJ did not adequately address the opinion of Dr. Diaz. However, after review, Dr. Diaz's opinion is not a medical opinion that the ALJ was required to evaluate and consider under 20 C.F.R. §§ 404.1520c, 416.920c. The Regulations define a medical opinion as:

> [A] statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities:
>
> . . .
>
> (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting[.]

20 C.F.R. §§ 404.1513(a)(2), 416.923(a)(2).

Although Plaintiff points to specific notations from Dr. Diaz's examination detailing potential physical impairments—notably, Plaintiff's brief lacks any citations from Dr. Diaz's report specifically demonstrating how these impairments impacted Plaintiff's ability to work. (*See* Doc. 17 at 11-18.) Nor does Plaintiff cite statements from Dr. Diaz opining on what Plaintiff could still do despite his alleged impairments. This is likely because Dr. Diaz's report merely consisted of "judgments about the nature and severity of [Plaintiff's] impairments," and Plaintiff's "medical history, clinical findings, [and] diagnosis," which the regulations define as "other medical evidence." *See* 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3). Accordingly, Plaintiff's argument that the ALJ failed to weigh Dr. Diaz's medical opinions is unpersuasive. *See Romero v. Comm'r of Soc. Sec.*, 752 F. App'x 906, 908 (11th Cir. 2018).

In summary, under the relevant regulations, the ALJ was required only to articulate how he considered the factors of supportability and consistency in discussing the persuasiveness of the medical opinions of record. In this case, the ALJ has satisfied this standard. *See, e.g., Moberg v. Comm'r of Soc. Sec.*, No. 6:19-cv-891-Orl-LRH, 2020 WL 4936981, *4 (M.D. Fla. Aug. 24, 2020) (stating that the ALJ's consideration of medical opinions "comported with the requirements of the new Social Security Regulations because the ALJ articulated the evidence affecting the supportability and consistency of

17

each medical opinion and determined whether such opinion was supported by the weight of the record evidence").

Furthermore, the ALJ may consider the testimony of a VE in determining whether the Plaintiff can perform past relevant work. *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005). The ALJ is required to pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). That said, the ALJ is not required to include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Where the ALJ relies on the VE's testimony, but fails to include all the claimant's functional limitations in the hypothetical question, the final decision is not supported by substantial evidence. *See Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980)).

Upon review, the ALJ posed a hypothetical to the VE that was consistent with his RFC determination. The VE, based on the ALJ's hypothetical, found that Plaintiff would be able to perform his past relevant work. The ALJ found the VE's testimony credible, and relied on the same in determining that Plaintiff could perform his past relevant work. Ultimately,

the ALJ fulfilled his duty to develop the record and the ALJ's RFC

determination concerning Plaintiff's condition was supported by substantial

evidence.  (*See* Tr. 50-54, 466, 468, 484, 486, 489-91, 505, 524, 528, 561, 563,

565, 567, 569, 574-78.)

### C.    The ALJ Properly Considered Plaintiff's Subjective Complaints and Third-Party Statements

As previously noted, in consideration of Plaintiff's subjective

complaints, the ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant[']s medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 51.)  The ALJ expounded on his finding by noting that:

> [Plaintiff's] statements about the intensity, persistence, and limiting effects of his symptoms are only partially consistent with the evidence. The evidence shows that there are arthritic changes primarily in the hands. However, the pain severity and degree of functional limitation in the hands is not fully consistent with the evidence. The treatment notes generally indicate pain control with medication as needed. He has not required any pain management specialist treatment or injections. The records indicate that fine manipulation is intact, range of motion is only mildly limited, and there is only intermittent tenderness to palpation. The most severe limitations appear when the Claimant has attended examinations specifically for the known purpose of disability determination. Primary care exam findings are largely unremarkable or include more mild deficits.

(Tr. 53.)

In sum, a review of the ALJ's decision belies Plaintiff's argument that the ALJ did not sufficiently articulate reasons for discounting Plaintiff's subjective complaints.  As instructed by the regulations, the ALJ considered the objective medical evidence as well as Plaintiff's own statements and articulated specific and adequate reasons for finding Plaintiff's subjective complaints not entirely consistent with the evidence.  *See, e.g., Markuske v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 767 (11th Cir. 2014) (finding the ALJ's discussion of objective medical evidence of record provided "adequate reasons" for the decision to partially discredit the claimant's subjective complaints).

Furthermore, the Court finds no error with regard to the ALJ's evaluation of third-party statements submitted by Plaintiff.  Indeed, the ALJ's decision demonstrates that these third-party statements, which essentially corroborated Plaintiff's complaints, were considered and examined in the decision.  (Tr. 54.)  Specifically, the ALJ explained that:

> [He] considered the third-party  statements from Leonard Solt, Jack E. Niedermayea, Glenn Williams, and George Cross, non-medical sources[,] consistent with SSR 16-3p (Exhibit 23E-26E). To the extent that the statements are inconsistent with the above stated residual functional capacity assessment, such statements are inconsistent with the medical evidence.

(*Id*.)  Accordingly, despite Plaintiff's argument to the contrary, the ALJ carefully considered the statements in assessing Plaintiff's RFC and was

under no obligation to impart additional weight to these nonmedical source statements. *See Noseworthy v. Comm'r of Soc. Sec.*, No. 8:22-cv-2628-DNF, 2024 WL 639208, at *5 (M.D. Fla. Feb. 15, 2024). Moreover, substantial evidence supports the ALJ's assessment of these statements. (*See* Tr. 50-54, 466, 468, 484, 486, 489-91, 505, 524, 528, 561, 563, 565, 567, 569, 574-78.)

Accordingly, it is **ORDERED**:

1.     The Commissioner's decision is **AFFIRMED**.

2.     The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, on March 25, 2024.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

21